UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

XEROX CORPORATION,

                                                                     DECISION AND ORDER

                         Plaintiff,

                                                                       18-CV-6729L

                         v.

ZENPRINT, LLC, et al.,

                         Defendants.
_____

## INTRODUCTION

Plaintiff Xerox Corporation ("Xerox") filed the complaint in this action on October 10, 2018, asserting claims against two defendants, ZenPrint, LLC ("ZenPrint") and ZenDirect LLC ("ZenDirect"). The complaint asserts four causes of action, all of which arise from contracts–specifically, two finance leases and a purchase agreement relating to certain equipment–entered into between Xerox and ZenPrint.

The complaint asserts three claims against ZenPrint for breach of contract, and one claim against ZenDirect for unjust enrichment. The unjust-enrichment claim is based on the relationship between ZenPrint and ZenDirect, and the benefit that ZenDirect allegedly derived as a result of ZenPrint's acts. In the complaint, Xerox seeks an award of damages against ZenPrint totaling $719,477.51, and judgment against ZenDirect in an unspecified amount. Dkt. #1 ¶ 81.

On December 17, 2018, Xerox filed a request for the entry of default against ZenPrint, on the ground that ZenPrint had failed to appear, plead or otherwise defend within the time allowed. Dkt. #6. The Clerk of the Court entered default as to ZenPrint on December 18, 2018. Dkt. #7.

ZenPrint, through counsel (Fernando Santiago, Esq., of Santiago Burger LLP), then moved to vacate the default. Dkt. #9. By Order of the Court entered January 10, 2019, that motion was granted, and the default was vacated. Dkt. #15. ZenPrint answered the complaint on January 18, 2019. Dkt. #16.

On January 2, 2019, two attorneys from the firm of Pullano & Farrow PLLC entered an appearance on behalf of ZenDirect. Dkt. #11, #12. The next day, Xerox filed a notice of voluntary dismissal of its claims, without prejudice, against ZenDirect. Dkt. #14.

Xerox filed a motion for summary judgment against ZenPrint on March 21, 2019. Dkt. #21. The Court gave ZenPrint until April 26 to file its response. Dkt. #22. On April 25, the Court granted ZenPrint's request for an extension of time, and gave ZenPrint until May 24 to respond to the summary judgment motion. Dkt. #25.

On May 15, attorney Santiago filed a Stipulation for Attorney Withdrawal (Dkt. #26), stating that he and Santiago Burger LLP were withdrawing as attorneys for ZenPrint. The same day, Xerox's counsel filed a letter (Dkt. #27) requesting that the Court maintain the existing deadline for ZenPrint to respond to Xerox's summary judgment motion. ZenPrint never responded to that request or to the summary judgment motion, nor has it retained a new attorney or taken any further action in this case.

## DISCUSSION

The Court did not formally act on Xerox's request to maintain the existing deadlines on its summary judgment motion, but there was no need to do so. Local Rule 83.2(d)(2) provides that "[a]n attorney may withdraw upon a stipulation endorsed by the client and by all counsel of

record and unrepresented parties in the case, without the need for Court approval. However, absent further order of the Court, such withdrawal will not affect any scheduled proceedings or deadlines in the action." Thus, the previously set deadlines remain in effect.

Both because ZenPrint does not have an attorney and because of its failure to respond to the summary judgment motion, ZenPrint is in default. *See De La Cruz Moreno v. Happy Angel Nail Spa Inc.*, No. 15 Civ. 10078, 2019 WL 2438966, at *2 (S.D.N.Y. June 12, 2019) ("While there has been no certificate of default issued as to Happy Nail Spa, Inc., that defendant is deemed to be in default because it is a corporation not represented by counsel") (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)). *See also Argento v. Santiago*, No. 16-CV-6172, 2019 WL 948186, at *2 (W.D.N.Y. Feb. 27, 2019) ("That the corporation is a limited liability corporation does not relieve it of the obligation to engage counsel"); Fed. R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to ... defend, and that failure is shown by affidavit or otherwise," that party is in default); *see Cabrera v. Canela*, No. 14 CV 4874, 2018 WL 3742686, at *2 (E.D.N.Y. Apr. 19, 2018) ("[T]he court need not go through the formal step of ordering the Clerk to enter a default, as 'a district judge also possesses the inherent to enter a default'") (quoting *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128) (2d Cir. 2011)).

ZenPrint's default alone is enough to warrant granting a default judgment in favor of plaintiff. *See De La Cruz Moreno*, 2019 WL 2438966, at *2 ("Because the default establishes defendants' liability, the only issue remaining is whether plaintiffs have supplied adequate proof of their damages") (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)); *Argento*, 2019 WL 948186, at *2 ("In cases in which a defendant has failed to answer or,

if it is a corporation, failed to retain counsel, a plaintiff is entitled to default judgment where 'drawing all reasonable inferences in the moving party's favor, the facts alleged in the complaint state a claim for relief as to each cause of action'") (quoting *Sky Vapors, LLC v. Blazynski*, No. 14-CV-1078, 2018 WL 6696995, at *2 (W.D.N.Y. 2018)).

In addition, Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading," but must file a response "showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." In deciding whether summary judgment is appropriate, the court may assume the truth of the movant's factual allegations presented in support of the motion. *Strong v. Gorman*, 310 F.Supp.3d 380, 382 (W.D.N.Y. 2018).

Applying these standards, I have reviewed the complaint and Xerox's motion, and find that Xerox has established its entitlement to judgment in its favor. The record shows that in 2014 and 2015, ZenPrint entered into two equipment finance lease agreements with Xerox for the lease from Xerox to ZenPrint of certain printing equipment. In December 2014, ZenPrint and Xerox also entered into a purchase agreement, by which ZenPrint agreed to purchase certain software from Xerox, and to make monthly payments for maintenance services.

In support of its summary judgment motion, Xerox has alleged, and presented evidence, that ZenPrint has defaulted on all three of those agreements. Xerox has also established that pursuant to the terms of the agreements, it is entitled to recover from ZenPrint liquidated damages under the lease agreements totaling $1,099,298.51, and $1837 under the purchase

agreement. *See* Xerox's Statement of Facts (Dkt. #21-1), and exhibits attached thereto.[1]

Accordingly, the Court finds that Xerox is entitled to judgment in the amount of $1,101,135.51.

## CONCLUSION

Plaintiff Xerox Corporation's motion for summary judgment (Dkt. #21) is granted, and the Clerk of the Court is hereby ordered to enter judgment in plaintiff's favor in the amount of $1,101,135.51, recoverable against defendant ZenPrint, LLC.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 18, 2019.

---

[1] That amount is greater than the amount specified in the complaint, apparently since damages have continued to accrue since the action was commenced. *See* Troy Rachui Aff. (Dkt. #21-2). At any rate, ZenPrint has not controverted Xerox's assertions concerning the amounts due.